**Hillary A. Brooks**, Oregon State Bar No. 012138
hillary.brooks@techlaw.com
**Delfina S. Homen**, Oregon State Bar No. 104088
delfina.homen@techlaw.com
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison Street, Ste. 400
Portland, Oregon  97204
Phone: (503) 222-3613
Fax:     (503) 274-4622

**Attorneys for Plaintiff Naked Wines LLC**

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **NAKED WINES LLC**, an Oregon domestic limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**MUSTACHE MENTORS, INC. d/b/a NAKED REBEL WINERY**, a Delaware corporation, and **MUSTACHE MENTORS, LLC d/b/a NAKED REBEL WINERY**, a California limited liability company,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NAKED WINES LLC d/b/a Naked Winery ("Naked Winery" and "Plaintiff"), alleges as follows against Defendant MUSTACHE MENTORS, INC. d/b/a NAKED REBEL WINERY and Defendant MUSTACHE MENTORS, LLC d/b/a NAKED REBEL WINERY (collectively, "Naked Rebel Winery" and "Defendants"), on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others, as follows:

**COMPLAINT**
-1-

## NATURE OF THE CASE

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act (codified at 15 U.S.C. § 1051, *et seq.*); and unfair business practices and unfair and deceptive trade practices under the Oregon Uniform Trade Practices Act, ORS § 646.608.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that the case involves a federal question arising under the trademark laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to the provisions of 28 U.S.C. § 1338(b) insofar as the claims are joined with a substantial and related federal claim arising under the trademark laws of the United States. *See* 15 U.S.C. § 1051 *et seq.*

4. This Court has personal jurisdiction over Defendants at least because Defendants have substantial contacts in the State of Oregon related to the claims in this action, and/or are engaged in the wrongful acts alleged herein in the State of Oregon.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff Naked Wines LLC is an Oregon limited liability company with its principal business address at 102 2nd Street, Hood River, Oregon 97031.

7. Defendant Mustache Mentors, Inc. is a Delaware corporation with its principal business address at 655 Tennessee Street, Ste. 201, San Francisco, CA 94107.

8. Defendant Mustache Mentors, LLC is a California limited liability corporation

with its principal business address at 655 Tennessee Street, Ste. 201, San Francisco, CA 94107.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### Naked Winery's Family of Marks

9.  Naked Winery is a family-owned winery that produces wine made from Oregon- and Washington-grown grapes.  Naked Winery's hometown and company headquarters is located in the heart of downtown Hood River, a small town located about 60 miles east of Portland, Oregon.  Additionally, Naked Winery has facilities in Wishram, Washington.

10.  Naked Winery sells a wide variety of wines, including various white wines, red wines, blush wines, and dessert wines, both through traditional brick-and-mortar establishments, and through its website, www.nakedwinery.com.

11.  Naked Winery is the owner of a family of erotically-themed "NAKED WINERY" marks for its wines (collectively, "the NAKED WINERY Marks"):

| Mark | U.S. TM Reg. No. | Goods | Date of First Use in Commerce |
| --- | --- | --- | --- |
| NAKED WINERY | 3,596,649 | wine; natural wines; table wines; white wines; and red wine | November 30, 2005 |
| NAKED WINERY + design | 3,502,269 | wine; natural wines; table wines; white wine; and red wine | July 5, 2007 |
| NAKED WINERY VIXEN | 3,693,297 | wine; natural wines; table wines; white wines; and red wine | June 26, 2009 |
| NAKED WINERY NAUGHTY | 3,677,064 | Wine; natural wines; tables wines; white wine | June 29, 2009 |
| NAKED WINERY DIVA | 3,828,747 | wine; natural wines; table wines; white wines; and red wine | April 16, 2010 |

12.  In addition to the NAKED WINERY Marks, Naked Winery is also the owner of other erotically-themed marks for its wines, including:

| Mark | U.S. TM Reg. No. | Goods | Date of First Use in Commerce |
| --- | --- | --- | --- |
| SEDUCTIVE | 4,080,345 | wine; natural wines; table wines; white wine | February 4, 2008 |
| POUR'N | 3,709,680 | wine; natural wines; table wines; | February 4, 2008 |

| | | | |
|---|---|---|---|
| | | white wine | |
| CLIMAX | 3,873,772 | wine; natural wines; table wines; white wine | May 24, 2008 |
| EROTIC | 3,883,263 | wine; natural wines; table wines; white wine | February 4, 2008 |
| SHAG | 3,731,976 | wine; natural wines; table wines; and white wine | February 5, 2008 |
| WE AIM TO TEASE | 3,547,964 | wine; natural wines; table wines; white wine; and red wine | July 5, 2007 |
| SIP INTO SOMETHING A LITTLE MORE NAKED | 3,558,709 | wine; natural wines; table wines; white wine; and red wine | July 5, 2007 |
| DOMINATRIX | 3,558,707 | wine; natural wines; table wines; and red wine; white wine | November 13, 2007 |
| MISSIONARY | 3,574,754 | wine; natural wines; table wines; and red wine | February 10, 2006 |
| PENETRATION | 3,574,753 | wine; natural wines; table wines; and red wine | February 10, 2006 |
| ESCORT | 3,574,752 | wine; natural wines; tables wines; and white wine | January 15, 2007 |
| TEASE | 3,671,499 | wine; natural wines; table wine; and white wine | February 28, 2006 |

13. As demonstrated by the above-listed marks, Naked Winery has taken a sexy approach to the branding and marketing of its wines. Indeed, Naked Winery uses such advertising slogans as "I Get Naked Regularly," "We Get Naked Daily," and "We Just Got Naked."

14. In addition to marketing its wines through traditional methods, Naked Winery heavily markets its wines through social media, such as Facebook® and Twitter®.

15. Naked Winery has used its trademarks, including the NAKED WINERY Marks, continuously in connection with the advertising, promotion, and sales of its products since at least each mark's "Date of First Use in Commerce" set forth in the charts above.

16. On account of its long and continuous use of its marks and sales of its products under its marks, Naked Winery has established trademark rights in its marks.

17. Through its promotional efforts, business conduct, and continuous use of its marks, Naked Winery has developed and maintains customers throughout the United States. Naked Winery's marks have become an asset of substantial value as a symbol of Naked Winery and its products.

**Naked Rebel Winery and Its Erotically-Themed Marks**

18. Naked Rebel Winery produces wine which it then bottles, sells, and distributes, including through its website, www.nakedrebelwinery.com.

19. Sometime in late 2012, Naked Rebel Winery began marketing, selling, and distributing wine under the erotically-themed marks NAKED REBEL and NAKED REBEL WINERY.

20. In addition to branding its wine with the erotically-themed marks NAKED REBEL and NAKED REBEL WINERY, Naked Rebel Winery markets its wines using sexy themes and imagery. Multiple examples of such marketing can be found on Naked Rebel Winery's website, www.nakedrebelwinery.com, such as the following example:



21. Naked Rebel Winery also markets its wine using sexy themes and imagery on social media sites, including using such advertising slogans as "Get Naked" and "Lets get

naked." The following two examples of Naked Rebel Winery's social media advertising are taken from Tumblr® and Instagram®, respectively:





22. Naked Rebel Winery also markets its wine in cross-promotion with erotically-themed literature, inviting consumers to "ENJOY BLENDED CABERNET AND SYRAH

OVER A HOT AND STEAMY NAKED REBEL BOOK" and providing erotic excerpts from the text of the book.

23. On or about December 21, 2012, Defendant Mustache Mentors, Inc. filed Trademark Application Ser. No. 85/809,660 ("the '660 application") with the United States Patent and Trademark Office ("PTO"), seeking to register NAKED REBEL for "Grape wine; Red wine; Red wines; Table wines; Wine; Wines; Wines and fortified wines; Wines and sparkling wines." As of the filing of this Complaint, the '660 application has not yet been substantively examined by the PTO, and remains pending.

### Naked Rebel Winery's Infringement of the NAKED WINERY Marks

24. Naked Winery and Naked Rebel Winery are direct competitors, selling identical goods to identical customers through identical marketing channels.

25. Naked Rebel Winery's NAKED REBEL WINERY and NAKED REBEL marks are substantially similar to Naked Winery's NAKED WINERY Marks.

26. Naked Rebel Winery's domain, www.nakedrebelwinery.com, is substantially similar to Naked Winery's NAKED WINERY Marks, as well as to Naked Winery's www.nakedwinery.com domain.

27. Naked Winery and Naked Rebel Winery both use erotically-themed marks and sexy themes and imagery in the branding and marketing of their wines.

28. Although Naked Rebel Winery has only been in the market for a brief period of time, actual confusion has already occurred, harming the goodwill that Naked Winery has built up in its NAKED WINERY Marks.

29. Additional confusion is likely, including initial interest confusion, and may already be occurring due to the substantially similar nature of the parties' marks, which has led

and is continuing to lead to both parties' social media pages being displayed in search results on at least one social media site.

30.     Additional confusion is also likely, including initial interest confusion, given the use of erotically-themed marks and sexy themes and imagery in the branding and marketing of both parties' wines.

31.     Because of the damage to Naked Winery's goodwill that has already been caused by and continues to be caused by Naked Rebel Winery's use of the NAKED REBEL WINERY and NAKED REBEL marks, this Complaint follows.

## COUNT 1
### Federal Trademark Infringement, 15 U.S.C. § 1114

32.     Naked Winery repeats and realleges each of the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     Naked Rebel Winery's unauthorized use in interstate commerce of the NAKED REBEL WINERY and NAKED REBEL marks in connection with Naked Rebel Winery's goods constitutes infringement of Naked Winery's trademark rights in the NAKED WINERY Marks, misappropriates the valuable goodwill developed by Naked Winery in the NAKED WINERY Marks, and has caused, and is likely to continue to cause, confusion, mistake, or deception, as well as initial interest confusion.

34.     The acts of Naked Rebel Winery described above constitute an infringement of Naked Winery's rights in and to the use of its federally registered NAKED WINERY Marks, with consequent damages to Naked Winery and to the business and goodwill associated with and symbolized by Naked Winery's NAKED WINERY Marks and, specifically, give rise to this action under 15 U.S.C. §§ 1114 *et seq.*

35.     Naked Rebel Winery's acts of trademark infringement have caused and are

causing great and irreparable harm to Naked Winery, Naked Winery's goodwill, and Naked Winery's rights to exclusive use of the NAKED WINERY Marks, all in an amount which cannot adequately be determined at this time and, unless Naked Rebel Winery is preliminarily and permanently restrained, Naked Rebel Winery's acts will cause further injury and damage, leaving Naked Winery with no adequate remedy at law.

36. Naked Rebel Winery's acts of infringement have been and are being committed after notices effectuated by law, and are willful and in gross disregard of Naked Winery's rights.

37. By reason of the foregoing, Naked Winery is entitled to preliminary and permanent injunctive relief against Naked Rebel Winery, and anyone associated therewith, to restrain further acts of infringement and, after trial or summary judgment, to recover any damages proven to have been caused by reason of Naked Rebel Winery's aforesaid acts of infringement, and to recover enhanced damages and attorneys' fees based upon the willful, intentional, and/or grossly negligent activities of Naked Rebel Winery.

## COUNT 2
### False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125

38. Naked Winery repeats and realleges each of the allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Naked Rebel Winery, by its knowing and intentional unauthorized imitation, adoption, and use of Naked Winery's NAKED WINERY Marks in association with Naked Rebel Winery's goods, has and continues to falsely designate its goods as being derived or affiliated with those of Naked Winery.

40. Naked Rebel Winery's use of Naked Winery's NAKED WINERY Marks, as aforesaid, is likely to cause, and has caused, relevant consumers to mistakenly believe that Naked Rebel Wineries has an affiliation with Naked Winery, that Naked Rebel Winery's

business is sponsored or approved by Naked Winery, or that Naked Rebel Winery is otherwise associated with or has obtained permission from Naked Winery to use Naked Winery's NAKED WINERY Marks in connection with the sale of goods by Naked Rebel Winery.

41.     By engaging in the unauthorized activities described above, Naked Rebel Winery has made, and continues to make, false, deceptive, and misleading statements constituting false representations made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Furthermore, in view of Naked Rebel Winery's knowledge of Naked Winery's NAKED WINERIES Marks, such activities were, and remain, willful and intentional.

42.     Naked Rebel Winery's willful and intentional acts of unfair competition and false designation of origin have caused and are causing great and irreparable injury and damage to Naked Winery's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving Naked Winery with no adequate remedy at law.

43.     By reason of the foregoing, Naked Winery is entitled to preliminary and permanent injunctive relief against Naked Rebel Winery, and anyone acting in concert with Naked Rebel Winery, to restrain further acts of unfair competition, false advertising, and false designation of origin and, after trial, to recover any damages proven to have been caused by reason of Naked Rebel Winery's aforesaid acts, and to recover enhanced damages based on Naked Rebel Winery's willful, intentional, and/or grossly negligent acts.

### COUNT 3
### Unlawful Trade Practices under Oregon Law

44.     Naked Winery repeats and realleges each of the allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

business is sponsored or approved by Naked Winery, or that Naked Rebel Winery is otherwise associated with or has obtained permission from Naked Winery to use Naked Winery's NAKED WINERY Marks in connection with the sale of goods by Naked Rebel Winery.

41.     By engaging in the unauthorized activities described above, Naked Rebel Winery has made, and continues to make, false, deceptive, and misleading statements constituting false representations made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Furthermore, in view of Naked Rebel Winery's knowledge of Naked Winery's NAKED WINERIES Marks, such activities were, and remain, willful and intentional.

42.     Naked Rebel Winery's willful and intentional acts of unfair competition and false designation of origin have caused and are causing great and irreparable injury and damage to Naked Winery's business and its goodwill and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damage, leaving Naked Winery with no adequate remedy at law.

43.     By reason of the foregoing, Naked Winery is entitled to preliminary and permanent injunctive relief against Naked Rebel Winery, and anyone acting in concert with Naked Rebel Winery, to restrain further acts of unfair competition, false advertising, and false designation of origin and, after trial, to recover any damages proven to have been caused by reason of Naked Rebel Winery's aforesaid acts, and to recover enhanced damages based on Naked Rebel Winery's willful, intentional, and/or grossly negligent acts.

### COUNT 3
### Unlawful Trade Practices under Oregon Law

44.     Naked Winery repeats and realleges each of the allegations contained in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. Naked Rebel Winery's unauthorized use of the NAKED REBEL WINERY and NAKED REBEL marks is likely to cause, and has caused, a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of Naked Rebel Winery's goods, and is likely to cause, and has caused, a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Naked Winery.

46. Naked Rebel Winery knew, or should have known, of Naked Winery's registration and use of, and corresponding rights in, the NAKED WINERY Marks. Naked Rebel Winery's acts aforesaid constitute willful and intentional ongoing violation of ORS 646.608.

47. Naked Rebel Winery's willful and intentional ongoing violation of ORS 646.608 has caused and is causing great and irreparable injury and damage to Naked Winery's business, goodwill, and reputation in an amount that cannot be ascertained at this time and, unless preliminarily and permanently restrained, will cause further irreparable injury and damages, leaving Naked Winery with no adequate remedy at law.

48. Naked Rebel Winery's acts are the proximate cause of such injury and damage.

49. By reason of the foregoing, Naked Winery is entitled to declaratory and injunctive relief, both preliminary and permanent, against Naked Rebel Winery, and anyone acting in concert with them, to restrain further violation of ORS 646.608.

## PRAYER FOR RELIEF

WHEREFORE, Naked Winery asks this Court to enter judgment against Naked Rebel Winery and against Naked Rebel Winery's parents, subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. A judgment or order declaring that Naked Rebel Winery has infringed the NAKED WINERY Marks;

B. A judgment or order declaring that has engaged in unfair competition and falsely designated the origin of its goods;

C. A judgment or order declaring that Naked Rebel Winery has engaged in unlawful trade practices;

D. A determination that Naked Rebel Winery's direct infringement of the NAKED WINERY Marks has been and is willful;

E. Issuance of a preliminary and a permanent injunction enjoining Naked Rebel Winery, its agents, officers, assigns, and all others acting in concert with them from:

    (1) imitating, copying, using, reproducing, registering, attempting to register and/or displaying the NAKED REBEL WINERY and NAKED REBEL marks, or any mark or designation which colorably imitates or is confusingly similar to the NAKED WINERY Marks, alone or in combination with any other term(s), word(s), name(s), symbol(s), device(s), designation(s) and/or design(s) in any manner whatsoever;

    (2) operating a website using domain names that colorably imitate or are confusingly similar to the NAKED WINERY Marks, including but not limited to the domain name www.nakedrebelwinery.com;

    (3) using any other false description or representation or any other thing calculated or likely to cause confusion, deception or mistake in the marketplace with regard to Naked Winery's NAKED WINERY Marks;

F. An order directing that Naked Rebel Winery deliver up for destruction all materials and matter in its possession or custody or under its control that infringe or unfairly compete

with Naked Winery's NAKED WINERY Marks;

G. An order requiring Naked Rebel Winery to transfer the registration and ownership of the domain name www.nakedrebelwinery.com, and any domain names that are confusingly similar to Naked Winery's NAKED WINERY Marks, to Naked Winery;

H. An order directing that Naked Rebel Winery file with the Court and serve upon counsel for Naked Winery within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which Naked Rebel Winery has complied with the injunction;

I. An order awarding to Naked Winery treble actual damages and treble damages based upon an accounting of Naked Rebel Winery's profits, including all statutory enhancements and other enhancements on account of the willful nature of Naked Rebel Winery's acts as provided in 15 U.S.C. § 1117;

J. An order awarding to Naked Winery punitive damages on account of Naked Rebel Winery's willful violations of law;

K. An order awarding to Naked Winery prejudgment and post judgment interest;

L. An award of Naked Winery's costs and expenses, including, without limitation, reasonable attorney's fees;

M. An order for corrective advertising in a form, manner and frequency that is acceptable to Naked Winery and the Court; and

N. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

-14-

Respectfully submitted,

s/Hillary A. Brooks
Hillary A. Brooks, OSB No. 012138
Delfina S. Homen, OSB No. 104088
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison Street, Ste. 400
Portland, Oregon 97204
Telephone: (503) 222-3613
Facsimile: (503) 274-4622

**Attorneys for Plaintiff**
**NAKED WINES LLC**